FILED
2025 Mar-28 PM 01:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **DONNA MAYO,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 4:24-cv-00025-SLB** |
| | } | |
| **LELAND DUDEK,** | } | |
| **Acting Commissioner,** | } | |
| **Social Security Administration,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION**

Plaintiff Donna Mayo appeals the decision of the Commissioner of Social Security denying her Title II application for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court WILL AFFIRM the Commissioner's decision.

## I. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept

as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## II. PROCEDURAL HISTORY

Donna Mayo applied for a period of disability and disability insurance benefits in September 2021. (Doc. 5 at R. 315).[1] Ms. Mayo stated her disability began October 1, 2018. (*Id.*). The agency found she was not disabled. (*Id.* at 115). On reconsideration, the agency again denied her claim stating, "the evidence does

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

not suggest an impairment that would meet or equal a listing." (*Id*. at 124). Following the denial, Ms. Mayo requested a hearing before an ALJ. (*Id*. at 197). After the hearing, the ALJ determined Ms. Mayo to be disabled and issued a favorable decision. (*Id*. at 129). Following review on its own motion of the ALJ's decision, the Appeals Council vacated the decision and remanded Ms. Mayo's case to an ALJ for further review. (*Id*. at 10).

In its remand order, the Appeals Council directed the ALJ to:

> Obtain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence;
>
> Give further consideration to the claimant's severe, medically determinable impairments during the relevant period at issue, including evaluation of fibromyalgia;
>
> Reassess the claimant's maximum residual functional capacity throughout the period at issue and provide rationale with specific references to the evidence of record in support of the assessed limitations;
>
> Obtain supplemental evidence from a vocational expert to clarify the effect of the reassessed limitations on the claimant's occupational base; and
>
> In compliance with the above, offer the claimant an opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

(*Id*.). The second ALJ held a telephone hearing on June 13, 2023. (*Id*.). After consideration of Ms. Mayo's testimony and a review of the entire record, the ALJ

determined Ms. Mayo was not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id*. at 23). Ms. Mayo then requested the Appeals Council review the ALJ's decision, which was subsequently denied. (*Id*. at 1-6). The Commissioner's decision is now final, and Ms. Mayo's appeal is fully briefed and ripe for judicial review. *See,* 42 U.S.C. § 405(g).

**III. THE SECOND ALJ DECISION**

As a court may only review the final decision of the Commissioner under 42 U.S.C. § 405(g), this court must determine only whether the record supports the decision of the second ALJ. Social security regulations require that disability is determined under a five-step evaluation process. To determine whether a claimant qualifies for disability, the ALJ must evaluate:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178; 20 C.F.R. §§ 416.920(a)(4)(i)-(v).

At the time of her hearing, Ms. Mayo was 53 years of age and testified she last worked in October of 2018 as a housekeeper in a nursing home. (Doc. 5 at R. 43-44). Ms. Mayo submitted additional medical evidence for consideration not previously evaluated by the first ALJ or the Appeals Council. (*Id*. at 41-42). Following the hearing, the ALJ found that Ms. Mayo had not engaged in substantial gainful activity since the alleged onset date. (*Id*. at 13). The ALJ determined Ms. Mayo suffered from the following severe impairments that "significantly limit [her] ability to perform basic work activities": degenerative disc disease, obesity, depression, and anxiety. (*Id*.). Additionally, the ALJ noted Ms. Mayo's medical records reflected diagnoses of hypertension, hyperlipidemia, migraines, gastroesophageal reflux disease, supraventricular tachycardia, a status post fracture of 5th metatarsal bone of the right foot, chronic bronchitis, and insomnia. (*Id*.). The ALJ found these conditions to be non-severe impairments because Ms. Mayo had "not demonstrated ongoing or continuous restrictions due to these conditions, and the medical record indicates that they are generally well controlled and non-symptomatic." (*Id*.).

The Appeal's Council specifically requested an evaluation of Ms. Mayo's fibromyalgia. (*Id*. at 10). If a claimant alleges fibromyalgia as an impairment, "unique issues arise . . . [because] [f]ibromyalgia 'often lacks medical or laboratory signs, and is generally diagnosed mostly on [the claimant's] described symptoms.'"

*Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore*, 405 F.3d at 1211). This could result in "a claimant's subjective complaints . . . be[ing] the only means of determining the severity of [their] condition and the functional limitations [a claimant] experiences." *Id*. When the claimant provides evidence from an acceptable medical source, the ALJ,

> cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. [The ALJ] will review the physician's treatment notes to see if they are consistent with the diagnosis of [fibromyalgia], determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities.

SSR 12-2p, 2012 WL 3104869. To do so, the evidence must establish that the claimant has 1) a history of widespread pain persisting for a least three months; 2) "at least 11 positive tender points on physical examination;" and 3) evidence that other disorders did not cause the claimant's symptoms. *Id*.

Applying the evidence to these elements, the ALJ noted that while Ms. Mayo mentioned fibromyalgia in her hearing, and the condition was mentioned in treatment records in 2010 and between 2013 and 2016, she did not allege fibromyalgia as a disabling condition or provide the additional evidence required to support a finding of this impairment. (Doc. 5 at R. 13). The ALJ found that the provided evidence was insufficient to meet the criteria to establish fibromyalgia as

a medically determinable impairment under the Commissioner's Guidelines. (*Id*. at 14). "Similarly, [the ALJ found] insufficient evidence to establish the alleged Bell's palsy, domestic violence residuals, cardiovascular problems, or restless leg syndrome as medically determinable impairments – severe or otherwise." (*Id*.).

The ALJ concluded Ms. Mayo did not have an impairment or combination of impairments to meet the severity of specified impairments. She found

> the evidence in its entirety does not demonstrate that any impairment or combination of impairments meet the requirements of any of the listed impairments. Additionally, a review of the totality of the record shows that no medical source who has examined the claimant or her records has indicated that the claimant has had impairments that have met or equaled the criteria of any of the listed impairments, either alone or in combination.

(*Id*.). On remand, the Appeals Council specifically requested the ALJ "reassess the claimant's maximum residual functional capacity" for the years between the onset date and Ms. Mayo's hearing. (*Id*. at 10). After an extensive detailing of Ms. Mayo's medical history, physician's records, and testimony, the ALJ found that Ms. Mayo had a residual functional capacity to perform light work with the following exceptions:

> she can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; she should never climb ladders, ropes or scaffolds; she can have only occasional exposure to extremes of cold as well as full body vibration; she should have no exposure to hazards such as unprotected heights and hazardous machinery; she would be able to understand,

> remember, and carry out simple instructions and tasks; she can tolerate changes in the workplace that are infrequent and gradually introduced; and she can have occasional work-related interaction with supervisors, coworkers, and the general public.

(*Id*. at 16). Ms. Mayo is unable to perform any past relevant work. (*Id.* at 21). The ALJ stated, "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements and other allegations concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id*. at 19). Additionally, the ALJ noted recent improvement with medication, unremarkable physical and psychological examinations in the period following the first ALJ hearing which "confirmed normal muscle strength, normal neurological sensation, full range of motion of all joints without pain or crepitus, normal gait, and normal psychiatric status with normal mood and affect." (*Id*.).

As instructed by the Appeals Council, the ALJ "obtain[ed] supplemental evidence from a vocational expert to clarify the effect of the reassessed limitations on the claimant's occupational base." (*Id*. at 10). The vocational expert confirmed Ms. Mayo's residual functional capacity would preclude her from performing past work. (*Id*. at 22). Considering Ms. Mayo's residual functional capacity, her age, and her limitations, the vocational expert determined Ms. Mayo could perform several

jobs in the economy, such as Laundry Folder, Hotel Housekeeper, and Inspector. (*Id.* at 22-23).

The ALJ noted that the vocational expert was specifically asked,

> to identify any conflicts between the specific requirements in the [Dictionary of Occupational Titles] and companion publication for the jobs given, and the limitations contained in the residual functional capacity. The vocational expert testified that the testimony was consistent with the DOT with the exception of differentiations in climbing, infrequent changes, and interactions with others, which was based on the vocational expert's training and experience.

(*Id.* at 23). Accordingly, the ALJ found Ms. Mayo "is not disabled under sections 216(i) and 223(d) of the Social Security Act" and "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.*).

**IV. DISCUSSION**

Ms. Mayo argues that the court should reverse the Commissioner's decision because 1) the Appeals Council's decision to remand her case was not supported by substantial evidence; 2) the ALJ failed to order a consultative exam; and 3) the ALJ failed to make her own credibility determination regarding claimant's pain testimony and instead, solely relied on the findings of the Appeal's Council (Doc. 10 at 14-20). The court will address each argument in turn.

**A. The Appeals Council's Decision is not Properly Supported**

Ms. Mayo states the Appeals Council's decision to remand her case for further development of the record was not supported by substantial evidence. (Doc. 10 at 17). She argues, "[t]he AC's reasons for not fully crediting the claimant's pain testimony (because she did not also prove fibromyalgia and neuropathy) are not supported by substantial evidence." (*Id*.).

A claimant may appeal to a district court *only a final decision* of the Commissioner. See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain review of such decision by a civil action . . . .") (emphasis added). When the Appeals Council reviews the ALJ's decision and *issues its own opinion*, "the Appeals Council decision is reviewable as the final decision of the [Commissioner of Social Security]." *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir.1998) (internal quotation marks omitted) (emphasis added). Only then is a district court directed to review whether the Appeals Council's decision is supported by substantial evidence. *Parker v. Bowen*, 788 F.2d 1512, 1517 (11th Cir.1986) (holding, "federal courts may only review the [Commissioner's] 'final decision', and since the [Commissioner] has delegated his authority to make final decisions to the Appeals Council, federal courts must review the Appeals Council's decision to determine if it is supported by substantial evidence"). In these instances, the Appeals Council's decision is entitled to the same deference as the

decision of the ALJ. *Id*. at 1522. However, this authority does not apply to Ms. Mayo's claim.

An ALJ's decision does not qualify as a final decision if the Appeals Council vacates such decision and remands the case to an ALJ. *Atkins v. Comm'r, SSA*, 596 F. App'x 864, 868 (11th Cir. 2015). Similarly, a remand order by the Appeals Council does not qualify as a final decision. *See*, *Martinez v. Barnhart*, 444 F.3d 1201, 1204 (10th Cir. 2006) ("we do not have subject matter jurisdiction under 42 U.S.C. § 405(g) to review the propriety of the Appeals Council's remand order"); *Weeks v. Soc. Sec. Admin. Comm'r,* 230 F.3d 6, 7-8 (1st Cir. 2000) ("an order of the Appeals Council vacating an ALJ's recommended decision and remanding for further proceedings is ordinarily not an appealable final decision"); *Culbertson v. Shalala*, 30 F.3d 934, 937 n. 3 (8th Cir.1994) ("Appeals Council's remand order [was] not a final decision by the Secretary. Hence, the remand was not immediately appealable."); *Duda v. Sec'y of Health & Hum. Servs*., 834 F.2d 554, 555 (6th Cir. 1987) ("the remand order was not a final reviewable decision").

Here, the Appeals Council's remand is not a final decision and is not reviewable by this court as noted by other circuits. While Ms. Mayo relies on *Parker*, that action involved the review of a final decision made by the Appeals Council—not a remand order to an ALJ—and does not apply to this action. *See*, *Parker*, 788 F.2d 1512 (explaining the court had jurisdiction to review a *final decision* made by

Appeals Council). As the remand order by the Appeals Council is not reviewable by this court, claimant's arguments against its decision will not be addressed.

**B. The ALJ's Failure to Develop the Record**

Ms. Mayo states the ALJ did not properly develop the record by 1) failing to order an additional consultative exam or request an explanation of her treating physician's notes; and 2) failing to "engag[e] in her own credibility determination regarding claimant's pain testimony." (Doc. 10 at 19).

**1. Failure to Order Consultative Exam or Clarify a 2022 Medical Opinion**

Ms. Mayo contends the ALJ "did not order any additional consultative examinations [and] did not reach out to Dr. Gaspar for clarification of his October 2022 medical opinions." (Doc. 10 at 19). She states, "[i]f there is an evidentiary gap in this case, the AC's order for the ALJ to further develop the record on remand should not have been ignored." *Id*. The record does not support this assertion, and the burden is on Ms. Mayo to provide additional evidence showing her residual functional capacity. *See* 20 C.F.R. § 404.1512(a). ("This duty is ongoing and requires you to disclose any additional related evidence about which you become aware . . . if the evidence relates to the period on or before the date of the administrative law judge hearing decision.").

In its remand order, the Appeals Council instructed the ALJ to "obtain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence." (Doc. 5 at R. 10). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin*., 496 F.3d 1253, 1269 (11th Cir. 2007).

Contrary to Ms. Mayo's argument, the ALJ obtained additional evidence concerning Ms. Mayo's impairments, including all medical records between the remand order and the administrative hearing. (Doc. 5 at R. 41). In the administrative hearing, the ALJ speaks in depth with Ms. Mayo's attorney to confirm no medical records were outstanding, and Ms. Mayo's attorney corroborated the record to be complete. *See*, (*Id*. at 41-42). In her decision, the ALJ discussed treatment records that followed the Appeals Council's remand, as well as Ms. Mayo's pain testimony from both the administrative hearing and the records of treating physicians. (*Id*. at 17-22).

The ALJ considered Dr. Gaspar's 2022 form that stated Ms. Mayo "has multiple comorbidities that limit her ability to complete ADLs [activities of daily living] and hold any long term job." (*Id*. at 21). The ALJ thoroughly explained the

reasons she disagreed with the findings of Dr. Gaspar. (*Id.*) While Ms. Mayo contends the ALJ had a duty to follow up with Dr. Gaspar for clarification, the ALJ carefully summarizes each of the reasons she was not persuaded by the 2022 form. (*Id.*) Not only did the ALJ find Dr. Gaspar's form "internally inconsistent," the ALJ also found the form to be inconsistent with the record as a whole—including Ms. Mayo's own statements to a mental health physician the very same year as Dr. Gaspar's form—and Ms. Mayo's most recent medical records prior to the unfavorable decision. (*Id.*) An ALJ has the duty to consider all the relevant record evidence in making the RFC determination, and here, the ALJ properly executed that duty. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Additionally, if Ms. Mayo felt the evidence submitted to be insufficient to support a finding of disability, she held the burden to request a second consultation or provide additional documentation. As this court finds the record contained sufficient evidence for the ALJ to make an informed decision, and included the additional evidence requested on remand, the ALJ was not required to order an additional consultation. Accordingly, the ALJ did not fail in her duty to develop the record.

**2. Failure to Credit Pain Testimony**

Ms. Mayo states the ALJ's "decision is not supported by substantial evidence because it simply repeats the conclusions of the AC in its remand decision without engaging in her own credibility determination regarding claimant's pain testimony." (Doc. 10 at 19). This court disagrees.

To establish disability through testimony, a claimant must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged [symptoms] arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged" symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "If [an] ALJ decides not to credit a [claimant's] testimony about her subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so unless the record obviously supports the credibility finding." *Meehan v. Comm'r of Soc. Sec.*, 776 Fed. App'x 599, 603 (11th Cir. 2019). If supported by substantial evidence in the record, a court must not disturb a proper credibility finding. *Id.*

The ALJ concluded that Ms. Mayo's "statements and other allegations concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."

(Doc. 5 at R. 19). While Ms. Mayo testified to extreme pain and the inability to perform many daily activities, the ALJ states that the medical records do not support the severity of these symptoms. (*Id.*). Specifically, the ALJ points to Ms. Mayo's most recent treatment records that state Ms. Mayo has "normal muscle strength, normal neurological sensation, full range of motion of all joints without pain or crepitus, normal gait, and normal psychiatric status with normal mood and affect." (*Id.*).

In her administrative hearing, the ALJ questioned Ms. Mayo about her pain, treatments, pain management, work history, daily activities, and physical limitations. (*Id.* at 43-50). The ALJ's decision details Ms. Mayo's pain, symptoms, and medical history, as well as her testimony regarding her limitations and day-to-day activities. (*Id.* at 10-23). Ms. Mayo testified to—and the ALJ stated in her decision—that Ms. Mayo "said she could fix coffee, take medication, watch television, wash clothes, and occasionally cook" and "could sit for an hour at a time, stand up to 15 minutes at a time, and walk a city block." (*Id.* at 17). Additionally, Ms. Mayo "said she could bathe and dress herself, sometimes weakness resulted in her asking her husband for assistance . . . [and] occasionally drove." (*Id.*). The ALJ properly concluded Ms.

Mayo's own testimony was consistent with the functional requirements to perform light work with additional limitations.[2] (*Id*. at 16).

The ALJ considered Ms. Mayo's subjective complaints as well as the entire record. She adequately explained her decision to not fully credit Ms. Mayo's alleged limitations on her ability to work. *Raper v. Comm'r of Soc. Sec*., 89 F.4th 1261, 1278–79 (11th Cir. 2024). The ALJ articulated the reasons for finding discrepancies within the record to discredit Ms. Mayo's pain testimony. The court finds the ALJ did not fail to form her own credibility determination regarding Ms. Mayo's testimony and the ALJ's decision is properly supported by the record.

## V. CONCLUSION

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and that the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due

---

[2] As defined by the Dictionary of Occupational Titles,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567.

to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** this the 28th day of March, 2025.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE